UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE CARTER,

        Plaintiff,                  Case Number: 2:19-cv-12085
                                             HON. GEORGE CARAM STEEH

v.

HEIDI WASHINGTON, ET AL.,

        Defendants.
_____/

## **ORDER OF SUMMARY DISMISSAL**

**I.    Introduction**

Michigan state prisoner Dwayne Carter has filed a *pro se* complaint under 42 U.S.C. § 1983, naming four defendants. Plaintiff claims Defendants violated his rights under the First and Eighth Amendments. He seeks injunctive and monetary relief. The Court dismisses Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

**II.    Standard**

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison

Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555).

"Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### III. Factual Allegations

Plaintiff's claims arise from a December 6, 2017 incident occurring during his incarceration at the Saginaw Correctional Facility in Freeland, Michigan. Plaintiff alleges that Defendant Cantu, a corrections officer, reached his hand into Plaintiff's back pocket to pull out some papers. In so doing, Defendant Cantu brushed his hand against Plaintiff's buttocks. Plaintiff informed Defendant Cantu that he was not permitted to touch his buttocks. Another corrections officer advised Plaintiff that Defendant Cantu could do so if he believed Plaintiff had something suspicious in his pocket.

On December 11, 2017, Plaintiff filed a grievance against Defendant

Cantu. Plaintiff believes that Defendant Cantu touched his buttocks with an intent to abuse, not for sexual gratification. Plaintiff alleges that he now suffers from an increased fear of being assaulted in prison, which has caused him great discomfort and mental anguish.

Following an investigation, Plaintiff was informed that no evidence was found to support his claim. He alleges that Defendants later wrote him a misconduct ticket for interference with administrative rules by filing a false claim. He claims the misconduct ticket was issued in retaliation for his filing a grievance.

## III. Discussion

### A. Eighth Amendment Claim

Plaintiff alleges that Defendant Cantu violated the Eighth Amendment's prohibition against cruel and unusual punishment when he brushed his hand against Plaintiff's buttocks.

"[T]he Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citation omitted) (internal quotation marks omitted). A viable Eighth Amendment claim consists of an objective

and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires a plaintiff to show that the deprivations to which he has been subjected deprived him of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347 (1981). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. *Farmer,* 511 U.S. at 834. Deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.* at 837. The deliberate indifference standard "describes a state of mind more blameworthy than negligence." *Id.* at 835.

The Sixth Circuit Court of Appeals has held that "[m]inor isolated incidents of touching, even if coupled with offensive sexual remarks, do not rise to the level of an Eighth Amendment violation." *Solomon v. Michigan Department of Corrections,* 478 Fed. App'x 318, 320 (6th Cir. 2012). *See also Tuttle v. Carroll County Detention Center*, 500 Fed. App'x 480, 482 (6th Cir. 2012) (allegation that officer grabbed the detainee's genitals and

"squeezed them really hard" during a pat-down search is too "subjective and vague" to state a claim); *Jackson v. Madery*, 158 Fed. App'x 656, 661 (6th Cir. 2005) (officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards). Here, the contact was brief and, as Plaintiff states, Defendant Cantu reached into Plaintiff's pocket to retrieve papers, a reasonable action for a corrections officer to maintain a safe environment.

### B. First Amendment Claim

Plaintiff also argues that Defendants issued a misconduct ticket against him in retaliation for grievances he filed complaining about Defendant Cantu's conduct. Government officials may not retaliate against someone for engaging in constitutionally-protected conduct. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

The Sixth Circuit has concluded that a prisoner's claim that prison officials retaliated against him for engaging in protected conduct is grounded in the First Amendment. *See Thaddeus*, 175 F.3d at 388. A retaliation claim has three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would

deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there was a causal connection between elements one and two, i.e., the adverse action was motivated, at least in part, by the plaintiff's protected conduct. *Id.* at 394. The plaintiff bears the burden of proof on all three elements. *See Mt. Healthy*, 429 U.S. at 287; *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001).

Plaintiff has not satisfied his burden. He merely asserts, in conclusory fashion, that the defendants have retaliated against him. He does not offer facts to support this assertion. Conclusory allegations of retaliatory motive "with no concrete and relevant particulars" fail to state a claim upon which relief may be granted. *See Murray v. Unknown Evert*, 84 Fed. App'x 553, 556 (6th Cir. 2003) (citing cases).

### C. Defendants Washington and Winn

Alternatively and in addition to the reasons for dismissal already discussed, Defendants Washington and Winn may be summarily dismissed because Plaintiff bases his claims against them on their supervisory authority. The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Department of Social Services of New York*, 436 U.S. 658, 691-95

(1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). A supervisor's failure to supervise, train or control an employee is not actionable under § 1983, unless the plaintiff shows "the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . ." *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982).

Plaintiff fails to allege that Defendants Washington and Winn engaged in any "active unconstitutional behavior'" rather than a "'mere failure to act.'" *Shehee*, 199 F.3d at 200 (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Plaintiff therefore fails to state a claim against them.

## IV. Order

Accordingly, IT IS ORDERED that the complaint is DISMISSED.

The Court finds an appeal in this case would be frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Therefore, Plaintiff is not certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3). Nevertheless, should Plaintiff decide to file a notice of appeal, he may seek

leave from the Court of Appeals to proceed on appeal *in forma pauperis*.

*See* Fed. R. Civ. P. 24(a)(5).

Dated: August 28, 2019

>s/George Caram Steeh
>GEORGE CARAM STEEH
>UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 28, 2019, by electronic and/or ordinary mail and also on
Dwayne Carter #215206, Michigan Reformatory,
1342 West Main Street, Ionia, MI 48846.

s/Barbara Radke
Deputy Clerk

---